**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ADRIENNE SEAY,

Plaintiff,

v. Case No.: 1:26-cv-00246-JCH-SCY

BERNALILLO COUNTY SHERIFF'S
OFFICE, NEW MEXICO STATE POLICE,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

**THIS MATTER** is before the Court on Plaintiff Adrienne Seay's Opposed Motion to Remand Case for Lack of Substantial Federal Question Jurisdiction and for Attorney's Feesand [*sic*] Costs under 28 U.S.C. § 1447(c). Doc. 5 ("Motion"). Having carefully considered the briefing, the relevant law, and being otherwise fully informed, the Court will **GRANT** the Motion **in part** and **DENY** it **in part**. Seay's case will be remanded to the Second Judicial District Court in the State of New Mexico. The Court will not award Seay attorney's fees and costs.

**BACKGROUND**

Seay originally filed her complaint in New Mexico state court against Defendants, the Bernalillo County Sheriff's Office ("BCSO") and the New Mexico State Police ("NMSP"). *See generally* Doc. 1-1 ("Complaint"). There, she alleges BCSO (1) violated the New Mexico Whistleblower Protection Act ("NMWPA"), NMSA 1978, § 10-16C-2(C) (2010); (2) retaliated for and interfered with protected union activity; and (3) constructively discharged her. Doc. 1-1 at 6-13 ¶¶ 48-89. As to NMSP, she claims negligent investigation and law enforcement misconduct contrary to the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, § 41-4-12 (2020), and

violation of her civil rights in violation of the NMTCA and the New Mexico Civil Rights Act ("NMCRA"), NMSA 1978, § 41-4A-3 (2021). Doc. 1-1 at 13-15 ¶¶ 90-106. Under that latter cause of action—her fifth claim—Seay alleges:

> Plaintiff has, and had, a right to be free of unreasonable searches and seizures applicable to the NMSP under N[ew] M[exico] Const[itution] art. II, § 10 and the Fourth Amendment of the United States Constitution applicable to the State of New Mexico by the Fourteenth Amendment.

*Id.* at 14 ¶ 102.

Based on this language, NMSP removed Seay's suit and asserted federal question jurisdiction under 28 U.S.C. § 1331, on February 3, 2026. Doc. 1 at 2 ¶ 5a. Six days later, Seay filed her Motion requesting the Court remand her case to state court due to lack of subject matter jurisdiction. Doc. 5 at 1, 3-5. Seay argues NMSP improperly removed because she purposely pled no federal claims in her Complaint, so federal question jurisdiction is lacking and, in turn, the Court has no subject matter jurisdiction. *Id.* She also moves the Court to award her attorney's fees and costs associated with briefing these issues. *Id.* at 5-6. NMSP opposes and contends Seay's "invocation of federal law was so specific and clear" that NMSP reasonably interpreted her fifth claim as a federal cause of action. Doc. 19 at 3.

## DISCUSSION

### I. Motion to Remand

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Specifically, a suit "originally filed in state court may be removed to federal court if, but only if, federal subject-matter jurisdiction would exist over the claim." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation

modified). There are various bases for the Court's subject matter jurisdiction. To determine what kind, and whether it exists, the Court looks to the allegations in the plaintiff's "well-pleaded complaint." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). In the instant case, the parties are not diverse, *see* 28 U.S.C. § 1332, so for federal subject matter jurisdiction to exist, Seay's claims must arise under the law of the United States. *See* 28 U.S.C. § 1331 (providing jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). In other words, Seay's Complaint must evidence that the Court may "decide cases founded on federal law." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

Two conditions must be satisfied in order to find jurisdiction under 28 U.S.C. § 1331. "First, a question of federal law must appear on the face of the plaintiff's well-pleaded complaint." *Nicodemus*, 318 F.3d at 1235. Second, the cause of action "must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law." *Id.* It is on "rare occasions" federal question jurisdiction encompasses the latter cause of action.[1] *Royal Canin*, 604 U.S. at 26 (text only). As the "master of the claim," a plaintiff may choose to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006). Ultimately, "[i]f at

[1] This "substantial question" federal question jurisdiction, also called *Grable* jurisdiction, is "exceedingly narrow" and marked by "a special and small category of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (citation modified); *see Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2008) ("[F]ederal-question jurisdiction will lie over state-law claims that implicate significant federal issues."). Because neither party argues Seay's suit falls within this particular category, the Court does not analyze the issue.

any time before final judgment it appears that [it] lacks subject matter jurisdiction," then a district court must remand the case. 28 U.S.C. § 1447(c).

Here, after assessing the substance and drafting of Seay's Complaint, the Court concludes it was not "drawn so as to claim a right to recover under the Constitution and laws of the United States." *Firstenberg*, 696 F.3d at 1023 (text only). Although Seay alleges NMSP violated her protections from searches and seizures contrary to "the Fourth Amendment of the United States Constitution applicable to the State of New Mexico by the Fourteenth Amendment," she does not seek recovery under a federal statute, not even 42 U.S.C. § 1983. Instead, she claims Defendants violated three New Mexico statutes—the Whistleblower Protection Act, the NMTCA, and the NMCRA—and committed various state law torts. Doc. 1-1 at 6, 8, 11, 13, 14 (identifying "Retaliation and Interference with Protected Union Activity," "Constructive Discharge," and "Negligent Investigation and Law Enforcement Misconduct"). Delving further, the language of both the NMCRA and NMTCA is instructive.

Under the NMCRA, a plaintiff may only assert a violation her "rights, privileges, or immunities" under the New Mexico Bill of Rights and the New Mexico Constitution. *See* § 41-4A-3(A), (B). In contrast, the NMTCA outlines a claim for "the deprivation of any rights, privileges or immunities secured b*y the constitution and laws of the United States or New Mexico* when caused by law enforcement officers while acting within the scope of their duties." § 41-4-12 (emphasis added). Meaning, pursuant to the NMTCA, a plaintiff may sue based a violation of her rights under either the United States Constitution or the New Mexico Constitution. And whether a plaintiff chooses to pursue relief under state law, federal law, or both, is left to her discretion. *See Wells v. Valencia Cnty.*, 1982-NMSC-048, ¶¶ 7, 13, 98 N.M. 3, 644 P.2d 517 (distinguishing relief afforded by the NMTCA under state and federal law, including Section 1983).

Should a plaintiff pursue only state law claims, there is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Moreover, "[a] right to recover under federal law cannot be deemed to be present through the assertion of a state-law cause of action just because that assertion is predicated on the notion that compliance with that state law would effectively vindicate the plaintiff's federal rights." *Firstenberg*, 696 F.3d at 1026 (text only). This precedent is familiar to the District—other cases have been remanded to state court based on the plaintiff's NMTCA claims that reference the United States Constitution. *See, e.g.*, *Romero v. City of Santa Fe*, No. 02-CV-00762, 2002 WL 35649638, at *2 (D.N.M. Nov. 22, 2002) (Hansen, J.) ("[T]he Complaint does not pray for any relief directly pursuant to any federal law. To the contrary, Plaintiffs specifically seek relief under the New Mexico Tort Claims Act."); *Sanchez v. City of Belen*, 16-CV-01410, 2017 WL 3588650, at *3 (D.N.M. March 8, 2017) (Johnson, J.) (holding that references to violations of the United States Constitution in the plaintiff's claim under Section 41-4-12 did not confer federal question jurisdiction); *Fitzgerald v. New Mexico*, 17-CV-00365, 2018 WL 671183, at *3 (D.N.M. July 31, 2018) (Armijo, J.) (concluding the plaintiff only sought "recovery for tortious conduct under the New Mexico Tort Claims Act" despite the "complaint alleg[ing] that Defendants' tortious conduct rose to the level of a constitutional violation").

In particular, in both *Sanchez* and *Fitzgerald*, the Court reasoned the plaintiff's "inclusion of language referring to the United States Constitution for pleading purposes" under Section 41-4-12 "was unnecessary, inartful and even somewhat misleading," and "in the context of the plain language of the rest of the complaint, does not assert a federal claim." *Sanchez*, 2017 WL 3588650, at *3; *Fitzgerald*, 2018 WL 671183, at *3. Seay's drafting fares similarly.

When looking at the entirety of her Complaint, Seay's fifth cause of action stands apart due only to its reference to the United States Constitution. *See* Doc. 1-1 at 14 ¶ 102. Though Seay references the Fourth and Fourteenth Amendments to the United States Constitution, they alone do not create federal question jurisdiction. Instead, the constitutional references are byproducts of "misleading" pleading paired with Seay pursuing relief under Section 41-4-12 of the NMTCA. *Sanchez*, 2017 WL 3588650, at *3. Further, Seay's other causes of action evidence her intent to seek recovery for tortious conduct under various New Mexico state laws and statutes, not federal law or the United States Constitution. Had Seay moved to amend her Complaint to assert a claim under Section 1983, for instance, the Court's conclusion likely would be different. Instead, based on the entirety of Seay's Complaint, she chose to pursue relief only under state law.

Consequently, this Court lacks subject matter jurisdiction over Seay's suit, and her claims cannot proceed before this Court. *See Royal Canin*, 604 U.S. at 26. Accordingly, the Court will grant Seay's Motion, Doc. 5, and this suit shall return to New Mexico state court.

## II. Request for Attorney's Fees and Costs

Seay also moves for attorney's fees and costs pursuant to 28 U.S.C. 1447(c). Doc. 5 at 5. "Although § 1447(c) expressly permits an award of attorney's fees, it provides little guidance on when such fees are warranted." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). When making this determination, the Supreme Court clarified that a district court has "wide discretion" to award fees, but that is subject to determining the "reasonableness of the removal." *Id.* at 133, 135. Specifically, the *Martin* Court held, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be

denied." *Id.* at 141. Thus, Seay's request for attorney's fees turns on the reasonableness of NMSP's belief that federal question jurisdiction existed upon removal.

Based on the record, no award under Section 1447(c) is warranted. NMSP had an objectively reasonable ground to remove Seay's suit. When reviewing the Complaint and the parties' briefing, it is clear NMSP acted upon Seay's "inartful" and "misleading" invocation of the Fourth Amendment of the United States Constitution in her fifth cause of action. *Sanchez*, 2017 WL 3588650, at *3. By including this language, Seay created an opportunity for NMSP to claim federal question jurisdiction existed. Even though the Court ultimately found it lacks subject matter jurisdiction, that does not suggest NMSP's removal was unreasonable or baseless. And no "unusual circumstances"—such as "plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction"—warrant departure from *Martin*'s reasonableness analysis. 546 U.S. at 141. In all, it was objectively reasonable for NMSP to remove this case. Thus, Seay's request for attorney's fees and costs is unwarranted in this instance.

## CONCLUSION

NMSP argues that Seay's invocation of the United States Constitution brought her lawsuit into the jurisdiction of federal court. *See generally* Doc. 19. The Court disagrees. Based on her drafting, Seay intentionally did not request relief directly pursuant to federal law or the United States Constitution. So, the Court concludes that no cause of action in the Complaint confers federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Doc. 1-1 at 12-13. Accordingly, the Court lacks subject matter jurisdiction over Seay's Complaint, and the Court must remand this case to New Mexico state court. *See* § 1447(c); *Royal Canin*, 604 U.S. at 28.

It is hereby ordered that Seay's Opposed Motion to Remand Case for Lack of Substantial Federal Question Jurisdiction and for Attorney's Feesand [*sic*] Costs under 28 U.S.C. § 1447(c), Doc. 5 at 3-5, is **GRANTED in part**.

It is further ordered that Seay's request for attorney's costs and fees incurred by NMSP's removal is **DENIED**. *Id.* at 5-6.

This civil case is hereby **REMANDED** to the Second Judicial District Court of the County of Bernalillo, State of New Mexico. Doc. 5 at 3-5. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

SENIOR UNITED STATES DISTRICT JUDGE